**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

|  |  |
|---|---|
| AARON ABADI,<br><br>                    Plaintiff,<br><br>    v.<br><br>WALT DISNEY PARKS AND<br>RESORTS U.S., INC. and JARED<br>FIELDS,<br><br>                    Defendants. | Case No: 6:22-cv-1343-PGB-DAB<br><br>**DISPOSITIVE MOTION** |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
ACCOMPANYING MEMORANDUM OF LAW**

Defendants Walt Disney Parks and Resorts U.S., Inc. ("WDPR") and Jared
Brouillard (named in the Complaint as Jared Fields) (collectively, "Defendants")
move for an order dismissing Plaintiff's Complaint, Doc. 2, with prejudice. As set out
more fully below: (1) Plaintiff Aaron Abadi's request for injunctive relief is moot,
rendering the Complaint subject to dismissal pursuant to Federal Rule of Civil
Procedure 12(b)(1), and (2) none of the allegations states a claim upon which relief
may be granted, rendering the Complaint subject to dismissal pursuant to Federal Rule
of Civil Procedure 12(b)(6).

**INTRODUCTION**

This lawsuit is one of at least eight cases Aaron Abadi has brought against American businesses—a hospital, airlines, big-box stores, a casino—challenging the requirements they imposed at the height of the COVID pandemic that all patrons wear masks when entering their respective establishments.[1] Mr. Abadi has also filed at least a half-dozen suits against government agencies challenging their COVID protocols.[2] Each of his cases against businesses, including this one, is premised on the near-identical allegation: because Mr. Abadi allegedly has a sensory processing disorder that makes wearing masks difficult, federal and state antidiscrimination laws required each of the defendants to permit him to patronize its business maskless.  Here, Mr. Abadi alleges that WDPR refused to grant him an accommodation to visit either Walt Disney World in Florida or Disneyland Resort in California (collectively, "the Parks") without a mask.  As a result, he added this suit to his long list of nearly identical suits, and is seeking damages and injunctive relief requiring WDPR to permit him to visit the Parks without a mask.

---

[1] *See Abadi v. Walmart Inc.*, No. 1:22-cv-00228 (D. Me. July 22, 2022); *Abadi v. Target Corp.*, No. 2:22-cv-02854 (E.D. Pa. July 19, 2022); *Abadi v. Caesars Ent., Inc.*, No. 2:22-cv-00285 (D. Nev. Feb. 14, 2022); *Abadi v. NYU Langone Health Sys.*, No. 1:21-cv-11073 (S.D.N.Y. Dec 23, 2021); *Abadi v. British Airways PLC*, No. 1:21-cv-10825 (S.D.N.Y. Dec. 16, 2021); *Abadi v. QuickChek Corp.*, No. 3:21-cv-20272 (D.N.J. Nov. 30, 2021); *Wall v. Sw. Airlines*, No. 6:21-cv-1008 (M.D. Fla. Oct. 28, 2021).

[2] *See Abadi v. U.S. Dep't of Labor*, No. 21A293 (2022); *In re Abadi*, No. 22-1012 (D.C. Cir. Apr. 14, 2022); *Abadi v. U.S. Dep't of Transp.*, No. 21-2807 (2d Cir. Dec. 29, 2021), *cert. denied*, 142 S. Ct. 1694 (2022); *Abadi v. Transp. Sec. Admin.*, No. 21-01258 (D.C. Cir. Dec. 9, 2021); *Abadi v. OSHA*, No. 21-04133 (6th Cir. Nov. 29, 2021); *Abadi v. City of New York*, No. 1:21-cv-08071 (S.D.N.Y. July 18, 2022).

All of Mr. Abadi's claims are subject to dismissal. Mr. Abadi's requests for injunctive relief are moot because neither Walt Disney World nor Disneyland currently requires guests to wear a mask. Since there is no other relief available to Mr. Abadi under Title III of the Americans with Disabilities Act (ADA), his claim should be dismissed.

Mr. Abadi's federal conspiracy claims fail because it is legally impossible for a corporation and its employees to form a conspiracy under 42 U.S.C. § 1985 and § 1986. His Rehabilitation Act claim fails because WDPR has not received federal funding, an indispensable element of this cause of action. And Mr. Abadi's 42 U.S.C. § 1983 claim cannot proceed because there is no state action.

Mr. Abadi's state-law claims fare no better, even assuming the Court would consider them after the federal causes of action are dismissed. With respect to the Florida claim, Mr. Abadi is already pursuing it before the Florida Commission on Human Relations and so it is unexhausted. And as for the California claim, Mr. Abadi cannot invoke a state statute that requires a California act when he sent his accommodation request from his apartment in New York and that request was received by an employee at WDPR in Florida.

## STATEMENT OF FACTS

Mr. Abadi alleges that he emailed WDPR on August 27, 2021 expressing his intention to visit either Walt Disney World in Florida or Disneyland in California. Doc. 2, Compl. ¶ 24. In his email, Mr. Abadi stated that he has "a medical disability, specifically a sensory processing disorder," and could not wear a mask or a face shield.

3

*Id.* ¶ 25.  He also attached a letter to the email attesting to the fact that he had already had COVID, and insisted that he consequently was "no longer a health risk."  *Id.*; Doc. 2, Compl., Exs. B, G.  Mr. Abadi opined that state and federal regulations "exempt someone like [him] from wearing a mask," Doc. 2, Compl., Ex. G, and requested "to be accommodated so that I don't have to wear a mask," *id*.  On September 5, 2021, Jared Fields, an employee in Guest Experience Services at Walt Disney World in Florida, responded to Mr. Abadi on behalf of WDPR, explaining that face coverings were required for all guests in indoor locations.  *Id.*[3]  The email clarified that WDPR's mask requirement complied with the ADA because a non-masked individual posed a direct threat to the safety of others at Walt Disney World. *Id.*

In response to WDPR's communication, Mr. Abadi filed administrative complaints against WDPR in both California and Florida.  In California, Mr. Abadi filed a complaint with the Department of Fair Housing and Employment (DFEH), alleging discrimination in violation of California's Unruh Act.  On February 7, 2022, DFEH notified Mr. Abadi that his case would be closed for insufficient evidence unless he provided additional information to substantiate his allegations.  Doc. 2, Compl., Ex. H.  On February 8, 2022, Mr. Abadi provided additional information to DFEH. *Id*.  And on February 28, 2022, DFEH notified him that the agency was closing his

---

[3] Jared Fields is a pseudonym used by defendant Jared Brouillard in correspondence on behalf of WDPR.

case for insufficient evidence. *Id.* That same day, Mr. Abadi asked DFEH's appeals unit to reverse the dismissal. *Id.*

In Florida, Mr. Abadi filed a complaint with the Florida Commission on Human Relations alleging discrimination under the Florida Civil Rights Act. On October 5, 2021, the Commission advised Mr. Abadi that it could not proceed with an investigation. The Commission reasoned that because Mr. Abadi had not actually visited Walt Disney World, it was unclear whether he had been discriminated against. *See* Doc. 2, Compl., Ex. I. Accordingly, on November 23, 2021, the Commission dismissed the complaint, stating that "[c]onsidering all information received, the Commission does not have authority to investigate, and the complaint will be dismissed." *Id.* Mr. Abadi appealed that decision to the Florida First District Court of Appeal. On May 25, 2022, the First District Court overturned the dismissal, finding that Mr. Abadi had set forth a plausible claim, and remanded the complaint to the Commission for further proceedings. *See Abadi v. Walt Disney World Parks & Resorts*, 338 So. 3d 1101, 1105 (Fla. Dist. Ct. App. 2022). That complaint remains pending before the Commission. *See Abadi v. Walt Disney World Parks & Resorts*, FCHR No. 202231091.[4]

On March 2, 2022, Mr. Abadi filed this suit in the United States District Court for the Southern District of New York, alleging four claims of discrimination under

---

[4] Notably, the Commission has already twice concluded that there was no reasonable cause to conclude that WDPR's face-covering requirement discriminated on the basis of disability. *See Kemmet v. Disney Springs*, FCHR No. 202126481 (Mar. 15, 2021); *Goff v. Disney Springs*, FCHR No. 202129830 (Dec. 17, 2021).

federal laws (Title III of the ADA and 42 U.S.C. §§ 1983, 1985, and 1986) and two claims of discrimination under state laws (California's Unruh Act and Florida's Civil Rights Act). *See* Doc. 2, Compl. Mr. Abadi filed this suit *in forma pauperis*, notwithstanding the allegations in the Complaint that he visits Walt Disney World or Disneyland "with [his] children and grandchildren … about once every year for decades"—trips on which he "stay[s] at their hotels and go[es] to the various Parks, Stores, restaurants, and so on." *Id.* ¶ 24. At least one other court has questioned Mr. Abadi's use of the *in forma pauperis* device given similar allegations about visits to that defendant's casinos.[5]

Mr. Abadi originally filed this suit against WDPR and Jared Fields, WDPR's parent company The Walt Disney Company (TWDC) and certain of its employees, as well as WDPR's outside counsel. *See* Doc. 2, Compl. at 1-3. On March 31, 2022, the Southern District of New York *sua sponte* dismissed the complaint against all defendants except TWDC and Fields. *See* SDNY Dkt. ECF No. 6 (Order of Service). Upon stipulation of the parties, the court substituted WDPR for TWDC as the appropriate corporate entity to respond to Mr. Abadi's allegations. Because WDPR is not subject to personal jurisdiction in New York, the parties also stipulated to transfer the action to the Middle District of Florida. *See* SDNY Dkt. ECF No. 18. On

---

[5] *See Abadi v. Caesars Ent., Inc.*, 2022 WL 2763388, at *2 (D. Nev. June 22, 2022) ("The Court is not satisfied with [Mr. Abadi's] showing of poverty. As a starting point, it is obvious from [Mr. Abadi's] own admissions that he is expending resources traveling and gambling.").

July 27, 2022, the case was transferred to this Court. *See id.*; MDFL Dkt. ECF No. 19.

## ARGUMENT

A cause of action should be dismissed for mootness when it seeks relief that is no longer available. *See Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) ("When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed."). And when a cause of action relies on a legally impermissible theory or threadbare allegations, it should be dismissed for failure to state a claim. *See Thomason v. Deutsche Bank Nat'l Tr. Co.*, 2022 WL 4296926, at *3 n.1 (11th Cir. Sept. 19, 2022) (approving of Rule 12(b)(6) dismissal where plaintiff "provided no legal or factual support" for theory asserted in complaint).

## I.   All Of Mr. Abadi's Federal Causes Of Action Should Be Dismissed

### A.   Mr. Abadi's ADA Claim Is Moot

Mr. Abadi appropriately concedes that he is not entitled to damages on his ADA claim, and accordingly seeks only injunctive relief. *See* Doc. 2, Compl. ¶ 63 (requesting an order requiring "modification of [WDPR's masking] policy"); *see also Jairath v. Dyer*, 154 F.3d 1280, 1283 (11th Cir. 1998) ("Although a private right of action for injunctive relief does exist under the ADA, it is uncontested that there is no private right of action for damages."). But the policy Mr. Abadi challenges based on his August 27, 2021 accommodation request is not WDPR's current policy. Today,

guests are not required to wear masks when entering either Walt Disney World in Florida or Disneyland in California. *See* Declaration of Katie Stretch, Ex. 1 (*Top Things You Should Know*, "Face Coverings," Disney World ("Face coverings are optional for Guests in both outdoor and indoor locations, as well as Disney transportation")); Ex. 2 (*Top Things You Should Know*, "Face Coverings," Disneyland ("It is strongly recommended that Guests wear face coverings when indoors and in enclosed transportation. It is optional to wear face coverings in outdoor common areas."))[6]

Injunctive relief "must target the existing wrong"—in this case, the universal masking policy which allegedly prevented Mr. Abadi from visiting the Parks. *LaMarca v. Turner*, 995 F.2d 1526, 1543 (11th Cir. 1993). As the Eleventh Circuit has explained, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff [] meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). Since Mr. Abadi is free to enter WDPR's parks in Florida and California without a mask, no injunctive relief is warranted and this Court should dismiss Mr. Abadi's claim under Title III of the ADA. *See, e.g.*, *Dunbar v. Empire Szechuan Noodle House Inc.*, 2020 WL 2132339, at *3 (S.D.N.Y. May 5, 2020) ("[A] private plaintiff suing under the ADA 'may only obtain injunctive relief for violations of a right granted under Title

---

[6] The Court may consider the Parks' current mask policies in evaluating whether Mr. Abadi's claims for injunctive relief are moot, and so whether the Court has subject-matter jurisdiction. *See Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003).

III'[.]  Where, as here, such redress is no longer possible, the ADA claim becomes moot, depriving the court of subject matter jurisdiction, and must be dismissed.").[7]

### B.    The Section 1985 And Section 1986 Claims Fail Because Mr. Abadi Has Not Pled A Plausible Conspiracy

Mr. Abadi alleges that WDPR's unwillingness to allow him to enter either of its Parks without a mask at the height of an unprecedented global pandemic constitutes a conspiracy between WDPR and its employee to deprive him of his civil rights pursuant to 42 U.S.C. §§ 1985 and 1986.  *See* Doc. 2, Compl. ¶¶ 65-71.[8]  Mr. Abadi is wrong.

The law is firmly established that a corporation and its employees cannot form a conspiracy.  *See McAndrews v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (the "intracorporate conspiracy doctrine" dictates that "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves").  Courts in the Eleventh Circuit routinely dismiss federal civil rights conspiracy claims when all that is alleged is a conspiracy between a corporation and one its employees.  *See, e.g.*, *Hogan v. City of Fort*

---

[7] To the extent Mr. Abadi seeks declaratory relief as to the Parks' former masking policy, that claim is also moot.  This Court only has subject-matter jurisdiction to provide declaratory relief "as to an ongoing policy."  *Smith ex rel. Smith v. Bension*, 2009 WL 5173957, at *3 (S.D. Fla. Oct. 26, 2009) (quoting *Del Monte Fresh Prod. Co. v. United States*, 570 F.3d 316, 321 (D.C. Cir. 2009)).  As shown above, the policies Mr. Abadi challenges are not "ongoing."

[8] "The text of § 1986 requires the existence of a § 1985 conspiracy."  *Park v. City of Atlanta*, 120 F.3d 1157, 1160 (11th Cir. 1997); *see Grappell v. Carvalho*, 847 F. App'x 698, 702 (11th Cir. 2021) ("without a § 1985 conspiracy, [Plaintiff] cannot establish a claim under § 1986").  And to plead a cause of action for a "conspiracy to interfere with civil rights" under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'"  *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627 (11th Cir. 1992) (quoting *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-829 (1983)).

*Walton Beach*, 817 F. App'x 717, 723 (11th Cir. 2020) (applying the intracorporate conspiracy doctrine to affirm dismissal of Section 1985(3) claim); *Nassar v. Fla. Dep't of Agric.*, 754 F. App'x 903, 907 (11th Cir. 2018) (applying the intracorporate conspiracy doctrine to affirm dismissal of Section 1985(3) claim and corresponding Section 1986 claim); *see also* Order, *Abadi v. Target Corp.*, No. 2:22-cv-02854 (E.D. Pa. July 28, 2022), Doc. 7 at 1-2 n.1 (dismissing identical Section 1985 and Section 1986 claims against Target and its employee under intracorporate conspiracy doctrine).

Here, the only remaining defendants accused of conspiring against Mr. Abadi are WDPR and its employee Jared Fields.  *See* Doc. 2, Compl. ¶¶ 5-43 ("Factual Allegations").[9]  The allegations in the Complaint confirm that all of Mr. Fields's alleged acts in furtherance of the purported conspiracy were squarely within the scope of his position as a WDPR customer service representative.  All Mr. Abadi alleges is that Mr. Fields advised him of WDPR's then-current official mask policy in response to the email Mr. Abadi directed to WDPR.  *See id.* ¶ 27 (describing the email regarding WDPR's mask policy as coming from and signed by Fields using his professional signature).  That, without more, is insufficient as a matter of law to plead a conspiracy under either 42 U.S.C. §§ 1985 or 1986, and both claims should be dismissed.

## C.    WDPR Is Not A Recipient Of Federal Financial Assistance

Mr. Abadi's Rehabilitation Act claim fails as a matter of law because he has not

---

[9] Apart from WDPR and Mr. Fields, the defendants named in the Complaint were dismissed. *See* SDNY Dkt. ECF No. 6 (Order of Service).  The only non-WDPR personnel named in the complaint were WDPR's outside counsel at the law firm McDermott Will & Emory.  *See* Compl. 1-3. The complaint alleges *no facts* about these individuals' role in the matters alleged or the causes of action asserted.  *See* Doc. 2, Compl. ¶¶ 5-43.

sufficiently pled an essential element of that claim: that WDPR received federal financial assistance. *See Schwarz v. Vills. Charter Sch., Inc.*, 2019 WL 8495898, at *5 (M.D. Fla. Oct. 29, 2019) ("To state a claim under the Rehabilitation Act, Plaintiffs must allege that Defendants are recipients of federal funding."), *report and recommendation adopted as modified*, 2020 WL 814002 (M.D. Fla. Feb. 19, 2020); *see also* 29 U.S.C. § 794(a).

The Complaint's sole allegation in support of this fundamental element is that "Disney has been a recipient of significant federal funds during the Covid pandemic." Doc. 2, Compl. ¶ 91. This allegation, devoid of "any facts that would support [this] conclusion[,]" is "the very definition of conclusory." *Rodriguez v. Lozano*, 2011 WL 2078635, at *1 (S.D. Fla. May 25, 2011). It is wholly "devoid of specific facts that would allow the Court to draw reasonable inferences" regarding a required element of the claim. *Carpenter v. Putnam Cnty. Sheriff's Off.*, 2020 WL 5759125, at *2 (M.D. Fla. Sept. 28, 2020). It does not identify what federal funding was received.[10] Indeed, Mr. Abadi does not even allege that the defendant entity WDPR received the funding; he alleges only that "Disney" did. Doc. 2, Compl. ¶ 91. Mr. Abadi tries to compensate for the lack of well-pleaded allegations by declaring that "[t]his will be proven after

---

[10] Assuming that Mr. Abadi is referring to the Paycheck Protection Program (PPP), publicly available sources confirm that WDPR received no such funds. And, in any event, PPP funds do not constitute federal financial assistance under the meaning of the Act. *See Ariza v. S. Moon Sales, Inc.*, 2022 WL 4345136, at *6-7 (S.D. Fla. Sept. 7, 2022) (plaintiff failed to plead that "a PPP loan is federal financial assistance within the meaning of the Rehab Act" because "a PPP loan is not general assistance but, rather, is designated for a particular purpose"), *report & recommendation adopted*, 2022 WL 4310972 (S.D. Fla. Sept. 19, 2022); *Lucius v. Fort Taco, LLC*, 2022 WL 335491, at *6 (S.D. Fla. Jan. 5, 2022) ("Defendant's receipt of PPP loans does not constitute federal financial assistance within the meaning of the Rehabilitation Act.").

appropriate discovery." *Id.*  Mr. Abadi's reliance on future discovery cannot cure his existing pleading deficiencies.  The law is well-settled that "[c]onclusory allegations accompanied by a claim that discovery will reveal the factual basis for the allegations are insufficient to survive a motion to dismiss." *Smith v. CH2M HILL, Inc.*, 2011 WL 13128411, at *4 (N.D. Ga. Mar. 3, 2011), *report & recommendation adopted*, 2011 WL 13129749 (N.D. Ga. Sept. 1, 2011).  "The door to discovery will not open for a plaintiff armed with nothing more than conclusions." *United States v. S. Cap. Constr., Inc.*, 2016 WL 11028255, at *2 (M.D. Fla. Sept. 7, 2016) (citation omitted).

In short, Mr. Abadi "cannot make conclusory allegations and then use discovery as a fishing expedition." *Cerquiera v. Kohl's Dep't Stores, Inc.*, 2019 WL 13183438, at *2 (M.D. Fla. July 23, 2019).  Accordingly, his Rehabilitation Act claim should also be dismissed.

### D.    WDPR Is Not Subject To A § 1983 Claim

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).  "The under-color-of-state-law element … acts to exclude from § 1983's reach merely private conduct[.]" *Connor v. Halifax Hosp. Med. Ctr.*, 135 F. Supp. 2d 1198, 1210 (M.D. Fla. 2001), *aff'd*, 45 F. App'x 878 (11th Cir. 2002).  This means that

that except for "rare circumstances"—none of which exists here—actions cannot be brought under Section 1983 against private defendants. *Harvey*, 949 F.2d at 1130.[11]

WDPR is a private company, and Mr. Fields is its employee. Neither is a state actor, and neither was acting under color of state law when enforcing WDPR's policy not to allow guests to enter the Parks without a mask. Mr. Abadi's Section 1983 claim accordingly should be dismissed. *See, e.g.*, *Muckle v. UNCF*, 420 F. App'x 916, 919 (11th Cir. 2011) ("The district court did not err in dismissing [Plaintiff's] § 1983 claims against all [] Defendants because they are private actors who could not have acted under color of state law."); *Goncalves v. Chamberlin*, 2016 WL 231211, at \*5 (M.D. Fla. Jan. 15, 2016) ("The facts clearly stated … gives the Court no reason to believe that [Defendant] ever performed a public function or otherwise acted under color of state law … [The § 1983] claims will therefore be dismissed with prejudice.").

## II.     Mr. Abadi's State-Law Claims Should Be Dismissed

### A.     This Court Lacks Subject Matter Jurisdiction Over Mr. Abadi's State-Law Claims

This Court has neither supplemental nor diversity jurisdiction over Mr. Abadi's state-law claims (Counts Four and Five) and they too should be dismissed. *See* Doc.

---

[11] "[T]he public function test, the state compulsion test, and the nexus/joint action test" are the only exceptions the Eleventh Circuit recognizes to the rule against bringing § 1983 claims against private entities. *Real v. Rescue Mission*, 2015 WL 2157480, at \*2 (M.D. Fla. May 7, 2015). None of these exceptions applies here. Mr. Abadi has not alleged that (1) WDPR performed a public function that was traditionally the exclusive prerogative of the State; (2) the State coerced or significantly encouraged WDPR not to grant him the requested accommodation; or (3) the State insinuated itself into a position of interdependence with WDPR. *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).

2, Compl. ¶¶ 1-2 (citing 28 U.S.C. § 1331 and 28 U.S.C. § 1332).[12]

First, it is generally accepted that "if the federal claims are dismissed before trial … the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory-Rogers v. McElroy*, 2019 WL 11542328, at *1 (N.D. Ala. Jan. 10, 2019) ("Without federal question or diversity jurisdiction, supplemental jurisdiction fails as well."). As described above, Mr. Abadi's federal causes of action in this case should all be dismissed. And "once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims." *Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999).

Second, Mr. Abadi's indeterminate damage allegations are insufficient to establish diversity jurisdiction. *See Gubagoo, Inc. v. Orlando*, 2020 WL 4208043, at *5 (S.D. Fla. July 22, 2020) ("Where jurisdiction is based on indeterminate damages … 'a conclusory allegation that the amount in controversy has been met is insufficient' to invoke this Court's diversity jurisdiction"). A prayer for damages is indeterminate when the plaintiff "has not placed any dollar amount on the various damages it is seeking[.]" *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003). And allegations that conclusorily assert that damages exceed a number without further specificity are indeterminate. *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*,

---

[12] A federal court's jurisdiction over state-law claims "must be supported by either supplemental jurisdiction or an independent basis for subject matter jurisdiction such as diversity jurisdiction." *Traffic Jam Events, LLC v. Cortes*, 2009 WL 2175640, at *4 (M.D. Fla. July 21, 2009).

14

608 F.3d 744, 748 (11th Cir. 2010) ("[T]he complaint is indeterminate.  It states that the case 'is an action for monetary damages in excess of $15,000.00, exclusive of interest, costs and attorney's fees.'"); *Ostrowski v. Am. Tire Distribs., Inc.*, 2017 WL 2115984, at *1 (M.D. Fla. May 16, 2017) ("[Plaintiff] has only stated that his action is one for damages that exceed $15,000.00[.]  Therefore, his claim is for indeterminate damages[.]").  Finally, "[i]f a complaint alleges an indeterminate amount of damages … 'the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum.'"  *Liberty Mut. Fire Ins. Co. v. Com. Grp., Inc.*, 2018 WL 8264632, at *1 (S.D. Fla. June 22, 2018) (citing *Federated Mut. Ins. Co.*, 329 F.3d at 807).

Mr. Abadi has not met his burden to plausibly show damages in excess of $75,000.  The only specific amount Mr. Abadi alleges is "[c]ompensatory damages for at least $200,000, of which the exact amount will be determined through discovery, at or before trial[.]"  Doc. 2, Compl. at 32 ("Prayer for Relief").  But, courts have consistently denied diversity jurisdiction to plaintiffs who "conclusorily assert that the amount in controversy exceeds $75,000."  *Russ v. Tift Cnty. Hosp. Auth.*, 2010 WL 3951271, at *2 (M.D. Ga. Oct. 7, 2010); *see, e.g.*, *Ulysee v. Gemini Cap. Grp. LLC*, 2010 WL 11647582, at *3 (N.D. Ga. Sept. 8, 2010) (plaintiff's claim "that her damages will exceed $200,000" is "insufficient because Plaintiff has not provided any evidence to support it"), *report & recommendation adopted*, 2010 WL 11647615 (N.D. Ga. Nov. 29, 2010).  Moreover, Mr. Abadi's assertions of compensatory damages are fatally vague.

15

Compensatory damages "are intended to remedy a concrete loss suffered by the plaintiff due to the defendant's wrongful conduct[.]" *Williams v. First Advantage LNS Screening Sols. Inc*, 947 F.3d 735, 746 (11th Cir. 2020). Mr. Abadi asserts that he "was denied basic services and privileges that all people have access to" and that his emotional toll "is significant, and probably much more than the financial." Doc. 2, Compl. ¶ 44. This does not come close to demonstrating that these injuries were in excess of $75,000.[13] Finally, Mr. Abadi's assertions of punitive damages are "nonspecific," and therefore do not satisfy his burden. *Terrell v. Ascenda USA Inc.*, 2016 WL 3640396, at *2 (M.D. Fla. July 8, 2016); *Wheeler v. T-Mobile USA, Inc.*, 2016 WL 11493326, at *2 n.2 (M.D. Fla. Aug. 4, 2016) ("While punitive damages must be considered … the nonspecific request for damages in the complaint does not establish the requisite amount."); *see also* Doc. 2, Compl. 2, ¶ 83, 32.

These allegations fail to carry Mr. Abadi's "'burden of proving by a preponderance of the evidence that the claim on which [he] is basing jurisdiction meets the jurisdictional minimum.'" *Liberty Mut. Fire Ins. Co.*, 2018 WL 8264632, at *1 (citing *Federated Mut. Ins. Co.*, 329 F.3d at 807). Because the Court has neither

---

[13] Notably, the sparse allegations in support of Mr. Abadi's inflated damages claim are virtually identical to the allegations he makes in his many other discrimination cases challenging COVID protocols, further undermining the plausibility of any of his allegations. *Compare* Doc. 2, Compl. ¶ 44, *with* Doc. 1, Compl. ¶ 39, *Abadi v. Caesars Ent., Inc.*, No. 2:22-cv-00285 (D. Nev. Feb. 14, 2022) (near-identical language), *and* Doc. 1, Compl. ¶ 54, *Abadi v. Walmart Inc.*, No. 1:22-cv-00228 (D. Me. July 22, 2022) (same), *and* Doc. 2, Compl., ¶ 35, *Abadi v. Target Corp.*, No. 2:22-cv-02854 (E.D. Pa. July 19, 2022) (same). The fact that each of these actions had ostensibly unique factual scenarios and yet featured identical injuries makes it even clearer that the current allegations here are "an obvious cut-and-paste job" and do not "create[] a reasonable inference of liability[.]" *Duldulao v. La Creperia Cafe, Inc.*, 2011 WL 6840585, at *3 (M.D. Fla. Dec. 29, 2011).

supplemental nor diversity jurisdiction, it should dismiss Mr. Abadi's remaining state-law claims.

**B.    Even If This Court Had Federal Subject-Matter Jurisdiction, Mr. Abadi's State-Law Claims Should Be Dismissed**

Mr. Abadi's Florida Civil Rights Act (FCRA) claim should be dismissed for failure to exhaust.  A plaintiff can bring an FCRA claim "[o]nly once the Commission determines that there is reasonable cause—or if it fails to determine whether there is reasonable cause within 180 days after the filing of the complaint[.]"  *O C Food & Beverage, LLC v. Orange Cnty.*, 338 So. 3d 311, 314 (Fla. Dist. Ct. App. 2022); Fla. Stat. Ann. § 760.11(3)-(4).  Because the Commission has not made a determination of reasonable cause here, Mr. Abadi's claim under the FCRA should be dismissed.  *See Smith v. City of Atl. Beach*, 2020 WL 708145, at *7 n.6 (M.D. Fla. Feb. 12, 2020) ("[his] FCRA claims … are only properly exhausted if the [Commission] had made a reasonable cause determination prior to the initiation of this lawsuit"); *Brookshire v. GMR Mktg. LLC*, 2022 WL 4124302, at *6 (S.D. Fla. Aug. 17, 2022) (same), *report & recommendation adopted*, 2022 WL 4119729 (S.D. Fla. Sept. 9, 2022); *see also Brewer v. Clerk of Cir. Ct., Gadsden Cnty.*, 720 So. 2d 602, 604 (Fla. Dist. Ct. App. 1998) (affirming dismissal where trial court determined that "[b]ecause the instant civil action was filed without the plaintiff having obtained a determination of reasonable cause from the commission, the action is dismissed").

Even if Mr. Abadi had fulfilled this "jurisdictional prerequisite," it would be a waste of judicial resources to decide Mr. Abadi's claim while it is still pending before

17

the Commission. *Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1324 (M.D. Fla. 2013). The existence of a simultaneous and overlapping Commission proceeding raises the specter of inconsistent judgments and strongly militates against an exercise of supplemental jurisdiction as a matter of "judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). This is precisely why "exhaustion of administrative remedies is a jurisdictional prerequisite" to filing an action under the FCRA. *Ring v. Boca Ciega Yacht Club, Inc.*, 2019 WL 5802634, at *6, *10 n.4 (M.D. Fla. Nov. 7, 2019).

Finally, Mr. Abadi's California's Unruh Act fails because the alleged discrimination did not take place in California. Only an aggrieved "person[] within the jurisdiction of this state" of California can sue under the Unruh Act. Cal. Civ. Code § 51(b). "Courts have consistently found that the Unruh Act is expressly limited to discrimination that takes place within California's borders." *Gomez v. Tribecca, Inc.*, 2022 WL 1469504, at *5 (C.D. Cal. May 10, 2022). This limitation means that "the statute does not apply to persons who were not physically in California when they experienced discrimination by a California-based business." *Id.*; *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1099 (C.D. Cal. 2015) (collecting cases).

Mr. Abadi does not allege that he was physically present in California when the alleged discriminatory acts took place. To the contrary, he alleges only that he was "planning" to go to California to visit Disneyland. Mr. Abadi's unfulfilled intention does not satisfy the Unruh Act's jurisdictional requirement. Doc. 2, Compl. ¶ 24; *see, e.g., Keum v. Virgin Am. Inc.*, 781 F. Supp. 2d 944, 955 (N.D. Cal. 2011) (dismissing

Unruh Act claim alleging discriminatory actions on flight bound for California).  Nor does the fact that WDPR's Disneyland Resort is physically located in California.  The allegations in the Complaint are unequivocal: Mr. Abadi was outside of California for the entire relevant time period.  *See* Doc. 2, Compl. ¶¶ 5-43; *Gomez,* 2022 WL 1469504, at *1 (dismissing Unruh Act claim brought by a plaintiff planning a trip to California who alleged discrimination on Californian rental car operator website); *see also Ebeid v. Facebook, Inc.*, 2019 WL 2059662, at *7 (N.D. Cal. May 9, 2019) (dismissing Unruh Act claim brought by resident of Arizona concerning alleged discrimination by website operator located in California); *Tat Tohumculuk, A.S. v. H.J. Heinz Co.*, 2013 WL 6070483, at *7 (E.D. Cal. Nov. 14, 2013) (dismissing Unruh Act claim as beyond the statute's jurisdiction even though "Plaintiff contends that [] the alleged discrimination was approved by defendants' officers in California").

Nor does Mr. Abadi allege any interactions with any California-based personnel.  The sole specific interaction Mr. Abadi identifies involved an email exchange with a WDPR employee whose email signature associated him with Walt Disney World—which is located in Florida, not California.  *See* Doc. 2, Compl. ¶¶ 24-27, Ex. G.  Because Mr. Abadi has no basis to sue under the Unruh Act, the Court should dismiss the claim.

## CONCLUSION

Mr. Abadi has failed to allege key elements for all of his federal claims.  And without the federal claims to sustain them, this Court lacks jurisdiction over his state-

law claims.  The Court should accordingly dismiss the Complaint in its entirety, with prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Disney certifies that they have conferred in good faith with Plaintiff, who opposes the relief sought in this Motion.

Dated this 25th day of October, 2022.

Respectfully submitted,

/s/ Mary Ruth Houston
Mary Ruth Houston, Esq.
Florida Bar No.: 834440
E-mail: mhouston@shutts.com
Paul J. Scheck, Esq.
Florida Bar No. 028487
E-mail: pscheck@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Ave., Suite 1600
Orlando, FL  32801
Telephone: (407) 423-3200
Facsimile:   (407) 425-8316

Alan E. Schoenfeld (*pro hac vice*)
E-mail: alan.schoenfeld@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
New York, NY 10007
Telephone: (212) 230-8800

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2022, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

/s/ Mary Ruth Houston
Counsel