# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

|  |  |
|---|---|
| AARON ABADI,<br><br>                   Plaintiff,<br><br>      v.<br><br>WALT DISNEY PARKS AND<br>RESORTS U.S., INC. and JARED<br>FIELDS,<br><br>                 Defendants. | Case No: 6:22-cv-1343-PGB-DAB |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT AND IN RESPONSE TO PLAINTIFF'S OPPOSITION

Defendants Walt Disney Parks and Resorts U.S., Inc. ("WDPR") and Jared Brouillard (named in the Complaint as Jared Fields) (collectively, "Defendants") hereby file this reply memorandum of law, pursuant to Local Rule 3.01(d) and this Court's December 16, 2022 Order, Doc. 46, in further support of their motion to dismiss ("MTD"), Doc. 41, and in response to Plaintiff's opposition, Doc. 42.

Mr. Abadi contends that his claim is not moot because there is a reasonable probability that WDPR may implement a universal masking policy at some point in the future. *See* Doc. 42, Response, at 2-5. Mr. Abadi's "entirely speculative" assertion that Defendants "will see a need to reinstate COVID-19 restrictions that have not been in place for more than a year" in no way revives Mr. Abadi's challenge to WDPR's

masking policy. *See Eden, LLC v. Justice*, 36 F.4th 166, 171 (4th Cir. 2022) (citation omitted). The "sheer 'power to [reinstitute] a challenged law is not a sufficient basis on which a court can conclude that a challenge remains live.'" *Boston Bit Labs, Inc. v. Baker*, 11 F.4th 3, 11 (1st Cir. 2021) (upholding dismissal of challenge to rescinded COVID-safety policies, quoting *American Bankers Ass'n v. Nat'l Credit Union Admin.*, 934 F.3d 649, 661 (D.C. Cir. 2019)). That is especially the case where, as here, defendants have "no track record of 'moving the goalposts[.]'" *Hawse v. Page*, 7 F.4th 685, 693 (8th Cir. 2021) (upholding dismissal of challenge to rescinded COVID-safety restrictions). Thus, there is "no reasonable expectation" that the challenged restrictions will be reinstated, and the claim remains moot. *Id.*

Accordingly, "numerous other circuit courts across the country [] have recently dismissed as moot similar challenges to early pandemic restrictions." *Brach v. Newsom*, 38 F.4th 6, 12 (9th Cir. 2022) (collecting cases). In a similar case, a court—while dismissing on other grounds—found a challenge to Costco's rescinded mask policy was moot because "Costco's website indicates it has now revised its face covering policy," and "Plaintiff's complaint does not suggest he has a dispute with Costco's current, revised policy." *Butler v. Jelinek*, 2021 WL 3773326, at *2 n.3 (N.D. Ohio Aug. 25, 2021). Here, Defendants' website also indicates that the face covering policy has been revised, *see* Doc. 41, MTD, at 7-8, and Mr. Abadi has not alleged that he has a dispute with Defendants' current policy, *see* Doc. 42, Response, at 2-5. Many cases addressing challenges to rescinded pandemic safety policies are in accord. *See, e.g.,*

*Resurrection Sch. v. Hertel*, 35 F.4th 524, 530 (6th Cir. 2022) (dismissing challenge to rescinded masking mandate because it "was a product of the pandemic's early stages"); *Connecticut Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 446 (2d Cir. 2021) (challenge to rescinded policy was "speculative" in light of "the mitigation measures that have become available to combat the spread of COVID-19, and the providential infrequency of pandemics"); *Doe v. Univ. of Colorado*, 2021 WL 4949156, at *1 (D. Colo. Oct. 25, 2021) (denying challenge to rescinded vaccination policy because "there is no indication on the current record that Defendants might reinstate" it); *Corrigan v. Boston Univ.*, 2022 WL 11218108, at *4 (D. Mass. Oct. 19, 2022) (challenge to rescinded COVID-testing policy was "plainly moot" because "with [its] termination … 'there is no ongoing conduct to enjoin'" (citation omitted)); *Kelly v. Imagineif Libr. Entity*, 2021 WL 2444663, at *3 (D. Mont. June 15, 2021) (challenge to rescinded making policy was moot "[g]iven the nature of the [injunctive] relief sought and the lifting of the mask requirements at issue").

WHEREFORE, Defendants respectfully ask that this Court hold that Mr. Abadi's request for injunctive relief is moot and dismiss his Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), as well as pursuant to Federal Rule of Civil procedure 12(b)(6) for the reasons described in Defendants' motion to dismiss, Doc. 41.

Dated this 20th day of December, 2022.

Respectfully submitted,

/s/ Mary Ruth Houston
Mary Ruth Houston, Esq.
Florida Bar No.: 834440
E-mail: mhouston@shutts.com
Paul J. Scheck, Esq.
Florida Bar No. 028487
E-mail: pscheck@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Ave., Suite 1600
Orlando, FL  32801
Telephone: (407) 423-3200
Facsimile: (407) 425-8316

Alan E. Schoenfeld (*pro hac vice*)
E-mail: alan.schoenfeld@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
New York, NY 10007
Telephone: (212) 230-8800

*Attorneys for Defendants*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 20, 2022, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

<u>/s/ Mary Ruth Houston</u>
Counsel

ORLDOCS 20191011 1